**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 21-4705

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SPENCER LAMONT BRYANT, a/k/a Spend Money,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00113-D-1)

─────────────

Submitted:  August 31, 2022                    Decided:  September 13, 2022

─────────────

Before NIEMEYER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Spencer Lamont Bryant pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  Under the plea agreement, Bryant agreed to waive his right to appeal his convictions and any sentence not in excess of the Sentencing Guidelines range established at sentencing.  The district court sentenced Bryant to 210 months' imprisonment, the top of the 168- to 210-month Guidelines range, and Bryant appealed.  On the Government's motion, we vacated Bryant's sentence and remanded for resentencing because the court did not orally pronounce all of the non mandatory conditions of supervised release.  *See United States v. Bryant*, No. 20-4108 (4th Cir. June 30, 2021) (unpublished order).  On remand, the court resentenced Bryant to 210 months and Bryant again timely appealed.

Counsel for Bryant has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal.  Although informed of his right to do so, Bryant has not filed a pro se supplemental brief.  The Government moves to dismiss the appeal as barred by the appellate waiver included in Bryant's plea agreement.  We affirm in part and dismiss in part.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences."  *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).  Before accepting a guilty plea, the district court must conduct a

2

plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Because Bryant did not move to withdraw his guilty plea, we review the adequacy of the Federal Rule of Criminal Procedure 11 hearing for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc) (discussing standard). We have reviewed the record and conclude that the magistrate judge complied with Rule 11 and that Bryant's guilty plea is valid.

Next, we review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Rule 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Bryant knowingly and voluntarily waived his right to appeal. We therefore conclude that the waiver is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal falling outside the scope of the waiver. We

3

therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope, and we affirm the remainder of the judgment. This court requires that counsel inform Bryant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bryant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bryant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*